IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MIKE FILIO, | § |
| Plaintiff, | § § § |
| vs. | §  **CIVIL ACTION NO. 5:24-cv-499** |
| RACKSPACE TECHNOLOGY SHORT TERM DISABILITY BENEFITS PLAN, | § § § § |
| Defendant. | § § |

### PLAINTIFF'S ORIGINAL COMPLAINT

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

### I.   PARTIES

1. Plaintiff is a citizen and resident of San Antonio, Bexar County, Texas.

2. Defendant is a self-funded benefit plan organized and existing pursuant to ERISA 29 U.S.C. §1132(d) which have plan participants in and significant ties to Greenville, South Carolina.

### II.   JURISDICTION AND VENUE

3. In this matter, Plaintiff seeks short term disability benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)), and a

number of the events transpiring during the review of Plaintiff's claim occurred in this forum.

4. Venue is proper in the Western District of Texas, San Antonio Division by virtue of Plaintiff's residence and Defendant's presence and doing business in this District.

### III. STATEMENT OF FACTS

5. Until December 13, 2021, Plaintiff was employed with Rackspace Technology as a Cloud Engineer III. As employee of Rackspace Technology, Plaintiff was provided with short term disability coverage via the Defendant plan which is fully funded by Rackspace Technology, and claims under the Defendant plan are administered by Matrix Absence Management.

6. Plaintiff became disabled because of certain problems from which he suffered, Plaintiff was forced to cease working and he filed a claim for short term disability benefits from December 13, 2021 until his return to work on March 14, 2022.

7. Defendant's claims administrator, Matrix Absence Management, denied Plaintiff's claim. Plaintiff appealed the denial and fully exhausted administrative remedies, but Defendant has failed and refused to provide additional benefits.

### IV. CAUSES OF ACTION

**Count I: For Benefits Pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B)**

8. Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

9. Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by

*Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the short-term disability benefits which he seeks under the terms of the plan. In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary defendant. Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

## COUNT II:  ATTORNEY FEES AND COSTS

10. Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

11. Plaintiff has been forced to retain attorneys to recover the short-term disability benefits due him under the terms of the Defendant Plan because of Defendant's denial of benefits. Therefore, Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to ERISA, 29 U.S.C. §1132(g). Should the Court award Plaintiff any part of the relief requested, Plaintiff requests that the Court award him attorney's fees and costs.

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the short term disability benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

　　　　　　　　　　　　　　　　　　_/s/ Selina Valdez_____
Selina Valdez, Esq.
Federal Bar #: 3633062
**MARC WHITEHEAD AND ASSOCIATES, ATTORNEYS AT LAW, LLP**
403 Heights Boulevard
Houston, Texas 77007
(713) 228-8888
(713) 225-0940 (facsimile)
E-mail: selina@marcwhitehead.com

M. Leila Louzri, Esq.
S.C. Federal Bar #: 12007
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail: llouzri@fosterfoster.com

*Pending Pro Hac Vice*

Date: 5/15/2024　　　　　　　　　　　Attorneys for Plaintiff